IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| NATALIA R. WALLACE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:22-cv-00017 |
| ) | |
| v. ) | |
| ) | |
| MARY BALDWIN UNIVERSITY, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

In her second amended complaint, plaintiff Natalia Wallace asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, against defendant Mary Baldwin University (MBU). She asserts only a single count, alleging that MBU discriminated against her on the basis of sex.[1] As discussed below, however, the court construes this count as containing two separate claims.

Before the court is MBU's motion to dismiss for failure to state a claim on Wallace's second amended complaint. The motion is fully briefed and ripe for resolution. The court finds that a hearing is not necessary to resolve MBU's motion, which will be granted.

I. BACKGROUND

Much of the factual background has been set forth by this court in its memorandum opinion in addressing MBU's first motion to dismiss. (Dkt. No. 19.) The facts most relevant for this opinion are summarized as follows.

Wallace, a female, is a full-time employee with the American Shakespeare Center (ASC)

---

[1] Plaintiff's prior complaint also included a retaliation claim, but the court granted MBU's motion to dismiss that claim and dismissed it with prejudice and without leave to amend. (Dkt. No. 19 (granting Dkt. No. 5).) The court's order also dismissed plaintiff's discrimination claim, but it granted her leave to file an amended complaint as to that claim. (*Id.*)

1

in Staunton, Virginia. (Am. Compl. ¶¶ 11, 12.) MBU is a private university with its main campus also located in Staunton, Virginia. (*Id.* ¶ 11.) ASC and MBU have a partnership to offer a Shakespeare & Performance Program through which MBU students may take classes taught by adjunct professors who may also be employed by ASC. (*Id.*)

Wallace had initially been hired to teach for the summer of 2016 and was rehired for the summers of 2017 and 2018. (*Id.* ¶ 13.) In February 2019, Paul Menzer, Dean of MBU's College of Visual and Performing Arts, discovered a consensual relationship between Wallace and another employee and deemed it "inappropriate" and "unprofessional." (*Id.* ¶¶ 16–17.)

Wallace was not offered a contract for the summer of 2019. (*Id.* ¶ 17.) Instead, MBU listed Sara Enloe, Wallace's supervisor at ASC, as the instructor. (*Id.* ¶ 19). Despite not being under formal contract, Wallace continued to teach the course. (*Id.* ¶ 20.) MBU paid Enloe, who in turn paid Wallace. (*Id.* ¶¶ 20–21.) MBU was aware that Wallace was the de facto instructor of the course and was being paid by Enloe. (*Id.* ¶¶ 22–23, 27.)

The course was not offered in 2020 because of the COVID-19 pandemic. (*Id.* ¶ 26.) In 2021, Wallace informed Dean Menzer that she would like to once again be listed as the instructor for the theater course. (*Id.* ¶ 27.) Dean Menzer initially denied this request, saying she would not be "appropriate" for the role. (*Id.* ¶ 31.) Wallace then hired an attorney who contacted MBU about a potential Title VII violation. (*Id.* ¶¶ 31, 42.) MBU then offered Wallace a contract for the summer of 2021, which she rejected. (*Id.* ¶¶ 42.)

II. ANALYSIS

A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A motion to dismiss tests the sufficiency of the complaint, and the court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).  However, pleadings which are conclusory "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Fourth Circuit has made clear that the pleading standards established in *Twombly* and *Iqbal* apply to claims of discrimination.  *See Woods v. City of Greensboro*, 855 F.3d 639, 647–48 (4th Cir. 2017) (citing *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 583–85 (4th Cir. 2015)).  Although a plaintiff is "not required to 'plead facts establishing a prima facie case of discrimination to survive a motion to dismiss,'" she is "nonetheless 'required to allege facts to satisfy the elements of a cause of action created by [the relevant] statute in compliance with *Iqbal*."  *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585) (alteration in original).  Thus, the question at this stage of the proceedings would be whether the plaintiff "has offered sufficient factual allegations to support a plausible claim" under Title VII.  *Id.*

**B.  Claims**

The parties do not appear to agree on what claims the second amended complaint asserts. The court, however, construes Wallace's complaint as asserting two claims.  First, she asserts a disparate treatment claim stemming from a 2019 relationship with a male MBU employee. Second, she asserts that MBU failed to hire (or re-hire) her because of her sex, when it failed to offer her a teaching contract for the summer of 2021.[2]

The court further notes that although Wallace's disparate treatment claim includes factual background pertaining to events dating back to 2016, the court's prior opinion made clear that

---

[2] Apparently in passing, the complaint also refers to a "disparate impact" on Wallace. Nothing in the complaint, however, suggests that she is bringing a disparate impact claim.

3

any claims based on events preceding February 16, 2021, are time-barred. Instead, her complaint could only seek relief for "actions MBU took between February 16 and December 13, 2021." (Mem. Op. 8, Dkt. No. 18.) Thus, although the court permitted Wallace to include allegations from before February 16, 2021, "as background evidence when they relate to other timely claims," she may not pursue any claims based on events that preceded that date. (*Id.*)

**C. Wallace has not adequately stated a claim for failure to hire or rehire.**

To state a claim under Title VII based on a failure to hire, a plaintiff must demonstrate that (1) she belonged to a protected class; (2) she applied for, and was qualified for, a job for which the employer was seeking applicants; (3) she was rejected despite her qualifications; and (4) after her rejection, the position remained open and the employer continued to seek similarly-qualified applicants or filled the position with an applicant outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001). The parties agree that Wallace is a member of a protected class, as she is a female. (Am. Compl. ¶ 12.)

Wallace alleges that she was rejected despite her qualifications, but also acknowledges that she, in fact, was offered a contract for the summer of 2021. (*Id.* ¶¶ 30–31, 42.) Because she was offered a contract with MBU, her failure-to-hire claim necessarily fails. *Griffin v. Maximus Inc.*, 641 F.Supp.3d 251, 256 (W.D.N.C. 2022) (dismissing a failure-to-hire claim because the plaintiff was hired by the defendant), *aff'd*, No. 22-2259, 2023 WL 3119813, at *1 (4th Cir. Apr. 27, 2023). Accordingly, the court will dismiss her failure-to-hire claim regarding the position in the summer of 2021.

For like reasons, her disparate treatment claim also fails, as the court discusses next.

**D. Wallace Has Not Adequately Pled a Disparate Treatment Claim.**

To succeed on a disparate treatment claim under Title VII, Wallace must show that 1) she is a member of a protected class, 2) her employer took an adverse action against her, 3) she had been fulfilling the legitimate expectations of her employer at the time, and 4) the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 649–50 (4th Cir. 2021).

Even assuming that Wallace had sufficiently alleged that she was an employee and facts to support the other elements of her claim,[3] her claim fails because the only potential alleged adverse action against her—the failure to hire in summer 2021—did not actually occur. "An adverse action is one that 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a change in benefits.'" *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Wallace appears to claim that MBU's initial refusal to hire her in May 2021 is the adverse action she suffered. (Am. Compl. ¶ 42.) For its part, MBU argues that there was no adverse action, because Wallace was offered the position and it was her decision to reject it. Thus, there has been no change to her employment status or benefits. (Def.'s Mem. in Supp. of Mot. to Dismiss Second Am. Compl. 7, Dkt. No. 30.)

MBU has the better argument. Because Wallace admits that she was, in fact, offered a contract in the summer of 2021, there was no adverse action. Her Title VII disparate treatment claim fails.

---

[3] The parties devote considerable resources to arguing about the other elements and, in particular, about whether or not Wallace was MBU's employee. But the court concludes that it is unnecessary to resolve that issue in light of its conclusion that she has not pled an adverse action within the limitations period.

## III.  CONCLUSION AND ORDER

For the foregoing reasons, the court will grant MBU's motion to dismiss for failure to state a claim.  Both the discriminatory treatment and the failure-to-hire claims are dismissed without leave to amend.  The court will issue an appropriate order.

Entered: November 1, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge